IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAVEL SEBESTIK ) <br> A94-044-769 ) <br> ) <br>    Petitioner-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLENN TRIVELINE, Field Office ) <br> Director, U.S. Immigration and Customs ) <br> Enforcement, Chicago Office; ) <br> MICHAEL CHERTOFF, Secretary of the U.S. ) <br> Department of Homeland Security, MICHAEL ) <br> MUKASEY, United States Attorney General ) <br> ) <br>    Respondent-Defendant ) | Case No. <br><br> FILED <br> MAY 23, 2008     YM <br> 08CV3034 <br> JUDGE SHADUR <br> MAGISTRATE JUDGE BROWN |

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

    NOW COMES the Petitioner, PAVEL SEBESTIK, by and through one of his attorneys, Laureen Anderson and Stanley J. Horn of Horn, Khalaf, Abuzir, Mitchell & Schmidt, and hereby respectfully petitions this Honorable Court for a writ of habeas corpus to prevent his unlawful removal, to provide an opportunity for him to have meaningful review of the Respondent's failure to provide him with a meaningful review of his immigration case and to enjoin Respondents from removing Petitioner, finding him ineligible for relief, and/or subject to detention and removal from the Untied States.

    In support of this petition and complaint for declaratory and injunctive relief, Petitioner alleges as follows:

### NATURE OF THE CASE

1. This action arises from the Respondent-Defendant's seizure of the Plaintiff's person and the imminent threat of Plaintiff's removal from the United States in spite of the fact that an appeal of the Immigration Judge's denial of the Plaintiff's Motion to Reopen based on the *in absentia* order of the immigration judge ordering Plaintiff removed from this country.

### JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.,* and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) &

1

(3), art I. § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as Petitioner subject to imminent custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, the APA, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

3. Venue lies in the United States District Court for the Northern District of Illinois, the judicial district in which Respondents routinely conduct business and Petitioner resides. 28 U.S.C. § 1391(e).

## PARTIES

4. Petitioner is a native of the Czech Republic, and citizen of the Czech Republic.

5. Defendant Glenn Treveline is the Field Director, Immigration & Customs Enforcement, a subdivision of the Department of Homeland Security, for the Chicago District. Respondent Treveline has direct and continuing control over Petitioner, having ordered and authorized his detention in Uline, Illinois, as well as his imminent removal to the Czech Republic.

6. Defendant, Michael Chertoff, Secretary of the U.S. Department of Homeland Security ("DHS"), has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103, routinely does and transacts business in Colorado, has responsibility for any determination on voluntary departure and is responsible for Petitioner's arrest, detention and current attempted deportation.

7. Defendant, Michael Mukasey, Attorney General of the United States.

## CUSTODY

8. Respondents took custody of the Plaintiff from his home on or about February 12, 2008 based upon an Order of Removal *in abstentia* dated November 14, 2006.

9. On February 20, 2008, Plaintiff, by and through his attorneys, filed a Motion to Reopen based on lack of notice of the March 21, 2006, hearing date. Such a Motion is an automatic stay of removal under the Regulations. *See* 8 C.F.R. § 1003.23(b)(v).

10. On April 30, 2008 the Plaintiff's counsel timely filed an appeal to the Board of Immigration Appeals along with an Emergency Stay of Deportation.

11. On May 22, 2008 the Board of Immigration Appeals called the Petitioner's counsel informing her that the Appeal was still pending but that the Stay of Deportation had been denied.

12. Plaintiff's Counsel contacted the Plaintiff's Deportation Officer on May 23, 2008 to request a DHS Administrative Stay in order to allow a decision on the Plaintiff's Appeal to be reached before he is removed.

13. Plaintiff's Counsel learned that the Plaintiff is scheduled for removal on May 27, 2008 and that DHS would not change the date Plaintiff is scheduled for removal to wait for the decision of the appeal.

14. Plaintiff remains under the direct and constructive control of the Respondents and their agents.

## STATEMENT OF FACTS

15. Plaintiff is a native and citizen of the Czech Republic, born on September 30, 1973.

16. The Plaintiff entered the United States on or around February 14, 2000 on a B-2 visa. Since his entry he has resided in the Chicago metro area.

17. On May 31, 2006 the Plaintiff's common law wife filed a Form I-589 Application for Asylum and Witholding of Removal listing the Plaintiff as her husband. The I-589 Application was prepared and filed by a man purporting to be an Attorney by the name of David L. who has falsely filed numerous petitions for aliens in the Philadelphia office of DHS.

18. The I-589 Application prepared by David L. utilized an address not known to the Plaintiff that the Plaintiff was unaware of and was unaware of its use.

19. On August 7, 2006 a Notice of Hearing in Removal Proceedings was sent to the Plaintiff by regular mail to the address in Pennsylvania, an address that the Plaintiff does not know and has never resided at.

20. When the Plaintiff failed to appear at the hearing the Court entered an Order of Removal *in absentia* on November 14, 2006.

21. DHS picked up the Plaintiff from his home in Summit Illinois on or about February 12, 2008.

22. On February 20, 2008, Plaintiff, by and through his attorneys, filed a Motion to Reopen based on lack of notice of the March 21, 2006, hearing date. Such a Motion is an automatic stay of removal under the Regulations.

23. On April 30, 2008 the Plaintiff's counsel timely filed an appeal to the Board of Immigration Appeals along with an Emergency Stay of Deportation.

24. On May 22, 2008 the Board of Immigration Appeals called the Petitioner's counsel informing her that the Appeal was still pending but that the Stay of Deportation had been denied.

25. Plaintiff's Counsel contacted the Plaintiff's Deportation Officer on May 23, 2008 to request a DHS Administrative Stay in order to allow a decision on the Plaintiff's Appeal to be reached before he is removed.

26. Plaintiff's Counsel learned that the Plaintiff is scheduled for removal on May 27, 2008 and that DHS would not change the date Plaintiff is scheduled for removal to wait for the decision of the appeal.

## EXHAUSTION OF REMEDIES

27. Plaintiff's and Plaintiff's counsel's requests to DHS to refrain from removing him at this time have been ignored. A Motion to Reopen, based on the numerous legal and constitutional deficiencies, including Plaintiff's failure to receive notice, the victimization of the Plaintiff by a known fake attorney, and exceptional circumstances, was filed with the Immigration Judge and denied; an appeal has been taken to the Board of Immigration Appeals, however despite the fact that the Motion is still pending the Plaintiff's Request for an Emergency Stay of Deportation has been denied. Additionally, the Plaintiff's counsel requested an administrative stay by DHS which has also been denied. Thus, Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action.

## CLAIM FOR RELIEF

28. Petitioner realleges and incorporates by reference each and every allegation contained in the paragraphs 1 through 26 as if set forth fully herein.

29. Respondents' intended deportation of Petitioner is in violation of law and violates Petitioner's right to substantive and procedural due process by depriving him of the ability to proceed with his appeal with the Board of Immigration Appeals. The denial further subjects Petitioner to a ten-year bar to re-entry without review.

## GROUNDS FOR RELIEF

30. The Board of Immigration Appeals will not hear the Plaintiff's appeal if he is removed from the country as 8 CFR §3.2 provides "a motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States."

31. Should Petitioner be removed from the country before exhausting all of his remedies he will be denied his Due Process of law under the Fifth Amendment.

32. The Petitioner is entitled to Due Process of law under the Fifth Amendment to the Constitution of the United States. A long line of cases, including Supreme Court precedents, have established that deportable non-citizens are protected by the Constitution. *See Yamataya v. Fisher*, 189 U.S. 86 (1903); *Plyler v Doe*, 457 U.S. 202 (1982); *Mathews v. Diaz*, 426 U.S. 67 (1976). Under the Due Process Clause there is no question that a "vital liberty interest" is at stake when an individual is subject to detention and deportation by legacy INS/DHS. Freedom from custody is a fundamental interest that may not be denied without some individualized determination that the individual poses a safety or flight risk. *Leader v. Blackman*, 744 F. Supp. 500, 509 (S.D. N.Y. 1990); *Caballero v. Caplinger*, No. 95-3129 (E.D. La. Feb. 6, 1996).

33. Both statutes and regulations require that individuals placed in immigration proceedings be informed of their right to counsel, their right to examine the evidence against them, their right to present testimony on their own behalf, and their right to appeal the Immigration Judge's decision (among other rights). *See* 8 C.F.R. § 1240.10.

34. Pursuant to 8 C.F.R. 1003.23(b)(4)(ii), an alien ordered removed *in absentia* may file a Motion to Reopen, and an Immigration Judge may rescind an *in absentia* order of removal, at

4

any time if the alien demonstrates that he or she did not receive notice of the time and place of the hearing. *See also* 8 U.S.C. § 1229a(b)(5)(C)(ii).

35. The Plaintiff has a due process right to have his appeal heard and not be forced to abandon his appeal due to a forced departure. Although the Plaintiff may not be a citizen the right to due process is still guaranteed to him by the constitution as held by the Supreme Court. *See Japanese Immigrant Case,* 189 U.S. 86, 100-01, 47 L. Ed. 721, 23 S. Ct. 611 (1903); *Reno v. Flores,* 507 U.S. 292, 306, 123 L. Ed. 2d 1, 113 S. Ct. 1439 (1993); *Batanic v. INS,* 12 F.3d 662, 666 (7th Cir. 1993).

36. While an alien has no constitutional right to remain in the United States, and no constitutional right to judicial review of a denial of a motion, it is assumed that if Congress confers on the alien a right to seek judicial relief from such a denial, as it has done, the deprivation of that right without due process of law infringes the alien's constitutionally protected liberty or property. *See* Torres v. INS, 144 F.3d 472 at 773 (1998).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant the following relief:

1. Grant the writ of habeas corpus;
2. Enjoin Respondents from effecting the deportation of Petitioner;
3. Award Petitioner's reasonable costs and attorneys' fees; and
4. Grant any other and further relief which this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED,
PAVEL SEBELSTIK


s/Laureen Anderson
Laureen Anderson
Attorney for Plaintiff


s/Stanley J. Horn
Stanley J. Horn
Attorney for Plaintiff

Horn, Khalaf, Abuzir, Mitchell & Schmidt
2 North LaSalle, Suite 630
Chicago, IL 60602
Telephone: (312) 281-5444
Fax: (312) 558-9075
E-mail: landerson@hkamlaw.com